ANDRÉ BIROTTE JR.
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
PIO S. KIM
California Bar No. 156679
Assistant United States Attorney
United States Attorney's Office
Asset Forfeiture Section
     U.S. Courthouse, 14th Floor
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-2589
     Facsimile:  (213) 894-7177
     Email:      Pio.Kim@usdoj.gov

Attorneys for Plaintiff
United States of America

**MADE JS-6**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO.  CV 09-8847-GW (SSx) |
| Plaintiff, ) | **CONSENT JUDGMENT** |
| v. ) | |
| $24,691.00 IN U.S. CURRENCY AND ) 1987 BUICK REGAL GRAND NATIONAL, ) | |
| Defendants. ) | |

In this action, plaintiff United States of America (the "government") alleges that the defendants $24,691 in U.S. Currency and 1987 Buick Regal Grand National (the "defendant assets") are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) on the ground that they constitute proceeds traceable to an exchange or exchanges of controlled substance or listed chemical in violation of 21 U.S.C. § 841 *et seq*.  Claimant Rahul Sharma ("claimant") disputes the government's allegations.

The parties have agreed to settle this forfeiture action and to avoid further litigation by entering into this consent judgment.

The Court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties, HEREBY ORDERS, ADJUDGES, AND DECREES:

1.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

2.  The Complaint states claims for relief pursuant to 21 U.S.C. § 881(a)(6).

3.  Notice of this action has been given as required by law.  No appearance has been made in this action by any person other than claimant, and the time to file claims and answers has expired.  The Court deems that all potential claimants other than claimant Rahul Sharma admit the allegations of the Complaint to be true, and hereby enters default against all such potential claimants.

4.  The defendant $24,691 in U.S. Currency and any interest accrued thereon shall be forfeited to the United States of America, which shall disposed of the same according to law.

5.  Simultaneously with claimant's execution of this consent judgment, claimant shall deliver to the government a cashier's check in the amount of $4,700 made payable to "The United States Marshals Service."

6.  Within 7 days from the entry of this consent Judgment, the government shall make the defendant 1987 Buick Regal Grand National available for pick up by claimant, or his designated representative.

7. The cashier's check for $4,700 and the funds represented by the check shall be forfeited to the United States as the substitute *res* for the defendant 1987 Buick Regal Grand, and the government shall dispose of the same according to law.

8. Claimant hereby releases the United States of America, the State of California, all counties, municipalities and cities within the State of California, and their agencies, departments, offices, agents, employees and officers, including, but not limited to, the United States Attorney's Office, the Drug Enforcement Administration, and their employees and agents, from any and all, known or unknown, claims, causes of action, rights, and liabilities, including, without limitation, any claim for attorney's fees, costs, or interest which may be now or later asserted by or on behalf of the claimant, arising out of or related to this action, or the seizure or possession of the defendant assets. Claimant represents and agrees that he has not assigned and is the rightful owner of such claims, causes of action and rights.

9. Claimant also agrees to hold harmless and indemnify the United States, the United States Attorney's Office and the Drug Enforcement Agency and their employees from all claims to the defendant 1987 Buick Regal Grand by a third party or third parties.

10. The Court finds that there was reasonable cause for the seizure of the defendants and institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

/ / /

11. The parties shall each bear their own attorney's fees and other costs and expenses of litigation.

DATED: April 23, 2010   _____
                         UNITED STATES DISTRICT JUDGE

## CONSENT

The parties consent to judgment and waive any right of appeal.

DATED:_____, 2010   GEORGE S. CARDONA
                              Acting United States Attorney

                              CHRISTINE C. EWELL
                              Assistant United States Attorney
                              Chief, Criminal Division

                              STEVEN R. WELK
                              Assistant United States Attorney
                              Chief, Asset Forfeiture Section


                              /s/_____
                              PIO S. KIM
                              Assistant United States Attorney

                              Attorneys for Plaintiff
                              United States of America


DATED:_____, 2010   /s/_____
                              RAHUL SHARMA
                              Claimant


Approved as to form and content.

DATED:_____, 2010   /s/_____
                              PAUL GABBERT
                              Attorney for Claimant
                              Rahul Sharma

4